**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2543-15T1

TARA SASSAMAN,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES OF THE
PUBLIC EMPLOYEES' RETIREMENT
SYSTEM,

    Respondent-Respondent.

_____

        Submitted February 16, 2017 — Decided August 9, 2017

        Before Judges O'Connor and Whipple.

        On appeal from the Board of Trustees of the
        Public Employees' Retirement System, Docket
        No. PERS #2-10-281978.

        Springstead & Maurice, attorneys for
        appellant (Harold N. Springstead, on the
        brief).

        Christopher S. Porrino, Attorney General,
        attorney for respondent (Melissa H. Raksa,
        Assistant Attorney General, of counsel; Jeff
        S. Ignatowitz, Deputy Attorney General, on
        the brief).

PER CURIAM

Petitioner Tara Sassaman appeals from the January 21, 2016 final decision of respondent, the Board of Trustees of the Public Employees' Retirement System (Board), which adopted the December 3, 2015 decision of an Administrative Law Judge (ALJ) affirming the Board's denial of petitioner's application for accidental disability retirement benefits. We affirm.

The salient facts are as follows. In 2012, the then sixty-one-year-old petitioner was employed as a teacher's assistant for autistic children for the Bergen County Board of Special Services. Her job duties included assisting students with disabilities and behavioral problems. In July 2012, a student pushed petitioner to the floor. She reported her right shoulder felt very painful immediately after she hit the floor. She treated the shoulder with ice but, by the following day, she was unable to move her right arm.

Petitioner went to the "workmen's compensation clinic" for treatment. An x-ray of her shoulder was unremarkable, but a subsequent MRI revealed a torn rotator cuff in that shoulder, which was surgically repaired in October 2012. Notwithstanding, petitioner claimed she was unable to return to her job because her ability to move her arm was restricted. She asserted that, but for the injury, she would have continued working.

2

Petitioner applied for but the Board denied her accidental disability retirement benefits. The Board did approve her application for ordinary disability retirement, however, finding she was totally and permanently disabled.[1] Petitioner appealed the Board's determination, and the matter was referred to the Office of Administrative Law for a hearing before an ALJ.

During the hearing before the ALJ, petitioner's treating orthopedist, Frank Alberta, M.D., testified he discovered a full thickness tear in the rotator cuff during surgery, as well as a fair amount of degeneration within the tendon itself. He stated the tear probably existed before the fall, noting tears are common for individuals of petitioner's age and may exist without causing a patient any symptoms. However, he opined the tear was smaller before the fall, and that it was the fall that caused the full tear, which in turn was a substantial cause of her ultimate disability.

The Board's orthopedist, Richard Rosa, M.D., testified that, "without a doubt," the full thickness tear existed before the fall. He noted the MRI revealed atrophy in the rotator cuff and medial retraction of the tendon. If there had been an acute

_____

[1] An accidental disability pension provides approximately two-thirds of a member's annual compensation in benefits. N.J.S.A. 43:16A-7(2)(b). An ordinary disability retirement allowance awards approximately forty percent of the member's final compensation. N.J.S.A. 43:16A-6(2)(b).

tear at the time of the fall, there would not have been any retraction of the tendon; instead, the tendon would have been in position. He commented one can have a complete tear and not have any symptoms for a long period of time, although eventually one will experience symptoms. He opined the full tear was the result of chronic wear and tear of the rotator cuff over the years, and the fall merely caused the tear to increase "a little bit," which was what caused her pain.

The ALJ credited Dr. Rosa's testimony and found petitioner's disability was not caused by the subject incident. The Board in turn adopted the ALJ's recommendation to deny petitioner accidental disability retirement benefits.

On appeal, petitioner presents the following arguments for our consideration:

> POINT I: THE ALJ AND THE BOARD DEMONSTRATED A FUNDAMENTAL MISUNDERSTANDING OF THE CORRECT LEGAL STANDARD TO BE APPLIED TO PETITIONER'S PROOFS WHICH RENDER THOSE DECISIONS ARBITRARY AND UNREASONABLE.
>
> POINT II: PETITIONER HAS SUSTAINED HER BURDEN OF PROOF THAT HER SHOULDER INJURY WAS A SIGNIFICANT OR SUBSTANTIAL CONTRIBUTING CAUSE OF HER DISABILITY EVEN IF IT WAS COMBINED WITH A PRIOR UNDERLYING CONDITION.

Our review of the Board's decision is limited. <u>Russo v. Bd. of Trs., Police & Firemen's Ret. Sys.</u>, 206 <u>N.J.</u> 14, 27 (2011). We will sustain the Board's decision "unless there is a

4

clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). It is not our place to second-guess or substitute our judgment for that of the agency and, therefore, we do not "engage in an independent assessment of the evidence as if [we] were the court of first instance." In re Taylor, 158 N.J. 644, 656 (1999) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)). We are not, however, in any way "bound by the agency's . . . determination of a strictly legal issue." Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973).

Applying these standards, we discern no reason to disturb the Board's decision. The ALJ's finding petitioner's fall was not the direct cause of her disability, subsequently adopted by the Board, is supported by substantial credible evidence in the record.

Pursuant to N.J.S.A. 43:15A-43, a member of the Public Employees' Retirement System may be retired on an accidental disability pension if the member is "permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties." In Richardson v. Board of Trustees, the Court

5

held in order to qualify for accidental disability retirement benefits, a member of the retirement system must establish:

> 1. that he is permanently and totally disabled;
>
> 2. as a direct result of a traumatic event that is
>
>> a. identifiable as to time and place,
>>
>> b. undesigned and unexpected, and
>>
>> c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> 3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> 4. that the disability was not the result of the member's willful negligence; an[d]
>
> 5. that the member is mentally or physically incapacitated from performing his usual or any other duty.
>
> [Richardson v. Bd. of Trs., 192 N.J. 189, 212-13 (2007).]

The principal dispute on appeal is the application of 2c listed above. The Court has recognized:

> [A]n accidental disability in some circumstances may arise even though an employee is afflicted with an underlying physical disease bearing causally upon the resulting disability. In such cases, the traumatic event need not be the sole or

6

> exclusive cause of the disability. As long as the traumatic event is the direct cause, i.e., the essential significant or substantial contributing cause of the disability, it is sufficient to satisfy the statutory standard of an accidental disability even though it acts in combination with an underlying physical disease.
>
> [Gerba v. Bd. of Trs., 83 N.J. 174, 187 (third emphasis added).]

The member bears the burden of establishing a direct connection between a work-related injury and the claimed disability by a preponderance of the evidence supported by competent medical evidence. Russo v. Teachers' Pension & Annuity Fund, 62 N.J. 142, 147 (1973).

Here, petitioner failed to meet that burden. She provided insufficient evidence the fall was the substantial contributing cause of her disability. The ALJ found credible Dr. Rosa's testimony the tear in petitioner's rotator cuff was complete before the fall, and it is that tear which is the cause of her disability. The tear was aggravated as a result of the incident "by a little bit" and produced pain, but the fall itself did not cause the complete tear and resultant disability. Because the ALJ's determination is founded upon sufficient credible evidence, the agency decision must be sustained. Gerba, supra, 83 N.J. at 189.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2543-15T1